IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:24-CV-150-FL

| | |
|---|---|
| WILLIAM AUGUSTUS PERRY, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>US FEDERAL DRUG )<br>ADMINISTRATION, APRIA HEALTH )<br>CARE/APRIA HEALTH GROUP, )<br>RESMED, and FISHER PAYKEL, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court upon defendants' motions to dismiss and for judgment on the pleadings (DE 29, 36, 39, 47), and plaintiff's motions for judgment on the pleadings, for ruling, for non-dismissal, and for other relief, which the court construes herein as including, in part, motions for leave to amend complaint. (DE 44, 45, 51, 53, 60, 61, 62, 65, 66).[1] The issues raised have been briefed fully and in this posture the motions are ripe for ruling.

**STATEMENT OF THE CASE**

Plaintiff commenced this products liability, malpractice, and negligence action arising out of allegedly defective respiratory mask systems manufactured by defendants "ResMed" and Fisher Paykel, allegedly used in plaintiff's medical care provided by defendant Apria Health Care/Apria Health Group ("Apria"), and allegedly approved for use by defendant "US Federal Drug Administration" ("FDA") (DE 1 at 1-3). Plaintiff seeks compensatory damages.

---

[1] The court also recognizes herein an embedded motion (DE 70) by defendant Apria Health Care/Apria Health Group to strike plaintiff's response to its motion to dismiss, which motion is addressed further herein.

Defendant "ResMed" filed the instant motion to dismiss January 23, 2025, pursuant to Rules 12(b)(4) and Rule 4, for "failure to properly name any 'ResMed' entity or otherwise identify the 'ResMed' entity" against which plaintiff seeks relief. (DE 29 at 1). Defendant Fisher Patkel filed answer and the instant motion for judgment on the pleadings, February 11, 2025, for failure to state a claim upon which relief can be granted. Defendant Apria filed the instant motion to dismiss, February 19, 2025, for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). Defendant FDA filed the instant motion to dismiss, February 27, 2025, for failure to state a claim and for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) and Rule 12(b)(6).

Through his instant motions and responses to defendants' motions, plaintiff seeks in substance to amend his complaint to allege additional factual allegations to support his claims in response to the deficiencies identified by defendants, as detailed further herein

**COURT'S DISCUSSION**

A.     Plaintiff's Motions

Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to "amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such construction does not excuse a pro se litigant from meeting substantive pleading requirements. See Giarratano v. Johnson, 521 F.3d

2

298, 304 n.5 (4th Cir. 2008). However, "[i]n practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." Wall v. Rasnick, 42 F.4th 214, 218 (4th Cir. 2022).

Here, a portion of plaintiff's filings made in response to defendants' motions were made within made within 21 days of service of "a motion under Rule 12(b)," Fed. R. Civ. P. 15(a)(1)(B), and they are in substance attempting to allege additional detailed factual allegations in an effort to address arguments raised in defendants' motions. (See, e.g., DE 34 ("ResMed"); DE 51 (Fisher Patkel, Apria); DE 59 (FDA)). Accordingly, these filings may be construed as themselves constituting a first amended complaint as of right, or components thereof, albeit with substantial deficiencies to be corrected as set forth further below. An additional portion of plaintiff's filings made in response to defendants' motions, while not filed within 21 days of such motions, also are in substance attempting to allege additional detailed factual allegations in an effort to address arguments raised in defendants' motions. (DE 44, 45, 61, 62, 63 ("ResMed"); DE 53, 55, 67 (Fisher Patkel); DE 69, 76 (Apria)).[2] Accordingly, these filings may be construed as including, in pertinent part, motions for leave to file a first amended complaint.

For example, in response to motion by defendant "ResMed," plaintiff states he wishes to assert a claim against defendant ResMed, Inc., headquartered in California, and also ResMed PTY Ltd., based in Australia. (See DE 44, 45, 61, 62, 65)). Plaintiff seeks to proceed against defendant Apria based upon additional factual allegations. (DE 51, 66, 69, 76). Plaintiff responds to Fisher Paykel's motion with additional factual allegations regarding the alleged device failure, with defects based on "common knowledge," suggesting he should have an opportunity to amend

---

[2] In that part of defendant Apria's response where it includes a motion to strike plaintiff's response to its motion to dismiss as untimely, (DE 70 at 1-2), defendant Apria's motion to strike is denied in this instance where the court construes plaintiff's response as an attempt to move to amend the complaint to allege additional factual allegations against defendant Apria.

3

complaint. (DE 59 at 7-9; see DE 51, 53, 67). Finally, plaintiff argues he submitted complaints previously to defendant FDA and he makes additional factual allegations as to FDA. (DE 59).

Accordingly, the court will treat those portions of plaintiff's filings asserting additional factual allegations against each defendant, in substance, as a first amended complaint as of right, under Rule 15(a)(1)(B), and as motions to file a first amended complaint, under Rule 15(a)(2). In that latter part, where "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), plaintiff's motions are granted. In all other respects, plaintiff's motions are denied as not seeking relief cognizable under the Federal Rules of Civil Procedure or in conformity with the court's rules and applicable law.

Having so construed plaintiff's filings, in part, these attempts to allege additional factual allegations have substantial formal deficiencies that must be corrected, before any such filings can serve as a basis for a required response by defendants or any newly-named defendants.

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8, 10. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable

conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679.

To ensure that plaintiff's first amended complaint is in a correct form that allows for meaningful response by defendants, pursuant to Rule 12, the court directs plaintiff to file, on or before June 10, 2025, a single document captioned as plaintiff's first amended complaint, which includes all the numbered factual allegations he seeks to assert, against each defendant that plaintiff wishes to name specifically as a defendant. The court cautions plaintiff that the first amended complaint will be considered the operative complaint in its entirety, and the court will not review plaintiff's prior filings to identify any misplaced claims or factual allegations. In this instance, for purposes of filing the first amended complaint, plaintiff may not refer to or incorporate by reference prior alleged facts. The court and the parties will not refer to the original pleading or any other documents as a source of allegations in the first amended complaint. Failure to comply with this order, particularly the instructions set forth in this paragraph, may result in dismissal of this action.

In addition, where plaintiff seeks to name in his first amended complaint defendants who were not named in plaintiff's original complaint and original summonses, plaintiff must file by June 10, 2025, proposed summonses for issuance by the clerk "for each defendant to be served." Fed. R. Civ. P. 4(b).

B.     Motions to Dismiss

"If a plaintiff amends [his] complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 35 (2025) (quoting 6 C. Wright, et al., Fed. Prac. & Proc. § 1476 pp.

5

Case 4:24-cv-00150-FL     Document 77     Filed 05/22/25     Page 5 of 6

636-37 (3d ed. 2010)). Accordingly, defendants' instant motions to dismiss and for judgment on the pleadings, (DE 29, 36, 39, 47), are TERMINATED AS MOOT, because they are premised on plaintiff's original complaint. Such pleading no longer performs any function in this case, where the court has herein recognized plaintiff's filings in part as including an amended complaint as of right, and in part as motions for leave to amend, which motions are granted on the terms set forth herein. Defendants who have already been served in this action shall have 14 days from the date plaintiff's first amended complaint, if any, is filed to file a Rule 12(b) motion or responsive pleading. Any additional newly-named defendant served by plaintiff shall file a motion or responsive pleading in accordance with Rule 12(a).

## CONCLUSION

Based on the foregoing, the court construes plaintiff's motions and related filings, in part, as including an amended complaint as of right, and as motions for leave to amend, which motions are GRANTED on the terms set forth herein. In all remaining respects, plaintiff's motions are DENIED. (See DE 44, 45, 51, 53, 60, 61, 62, 65, 66). Plaintiff is DIRECTED to file a first amended complaint, along with proposed summons(es) for newly-named defendant(s), if any, on or before June 10, 2025, in accordance with the instructions set forth herein. Plaintiff is warned that failure to comply with the instructions set forth herein may result in dismissal of this action. Defendants' motions to dismiss and for judgment on the pleadings (DE 29, 36, 39, 47), are TERMINATED AS MOOT. Defendant Apria's motion to strike (DE 70), as construed herein, is DENIED.

SO ORDERED, this the 22nd day of May, 2025.

                                                _/s/ Louise W. Flanagan_
                                                LOUISE W. FLANAGAN
                                                United States District Judge